FILED
U.S. DISTRICT COURT
SAVANNAH DIV.
2005 JUL 15 PM 1: 17
CLERK
SO. DIST. OF GA.

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF GEORGIA
# BRUNSWICK DIVISION

| | |
|---|---|
| RICKY LEE JONES,<br><br>Plaintiff,<br><br>v.<br><br>UNITED STATES DISTRICT COURT<br>JUDGE ANTHONY A. ALAIMO and<br>MAGISTRATE JUDGE JAMES<br>E. GRAHAM,<br><br>Defendants,<br><br>UNITED STATES OF AMERICA,<br><br>Interested Party. | Case No. CV205-7 |

## REPORT AND RECOMMENDATION

On June 21, 2005, this Court granted plaintiff leave to proceed *in forma pauperis* on the condition that he return a Prisoner Trust Account Statement form and a Consent to Collection of Fees from Trust Account form within thirty days of the order. The Court informed plaintiff that his failure to return these forms would result in a recommendation that this case be dismissed. Plaintiff has timely returned the two forms; the case is therefore ready to proceed.

Congress has significantly changed the procedures for handling civil actions filed by prisoners or other detainees. Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (PLRA). Under the PLRA, a federal court "shall on its own motion or on the motion of a party dismiss any action brought with respect to prison conditions under [42 U.S.C. § 1983] . . . if the court is satisfied that the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief." 42 U.S.C. § 1997e(c)(1). The PLRA requires the federal courts to conduct early screening of all prisoner suits against governmental entities or officials for the purpose of identifying claims that are subject to immediate dismissal. 28 U.S.C. § 1915A. The Court therefore will examine plaintiff's complaint to determine whether he has stated a colorable claim for relief under § 1983 against defendants.

In his complaint, plaintiff asserts that when he was before Judge Alaimo as a criminal defendant, Judge Alaimo abused his discretion by denying plaintiff's *pro se* motion to dismiss the indictment and suppress all

evidence.[1] Plaintiff further alleges that Edward T. M. Garland, plaintiff's appointed counsel for the purposes of sentencing and appeal, had "personal reasons to avoid assigning error to Defendant Alaimo during Plaintiff's appeal" because Judge Alaimo was employed as an associate in the Reuben A. Garland Law Office from 1949-1951. Apparently, Reuben Garland passed on his law office to his son, Edward Garland. According to plaintiff, Edward Garland raised only frivolous claims on appeal.

Plaintiff next alleges that when Judge Alaimo adopted Magistrate Judge James E. Graham's Report and Recommendation denying his 28 U.S.C. § 2255 motion, Judge Alaimo and Judge Graham committed fraud on the Court. This fraud is apparently based on Judge Alaimo's refusal to recuse himself from the case based on the alleged conflict of interest caused by Edward Garland's former representation of plaintiff. Judge Graham's alleged fraud arises from his failure to mention the conflict in the Report and Recommendation.

Plaintiff claims that Judge Alaimo's and Judge Graham's fraud denied him of (1) his due process right to have an impartial judge; (2) his due

---

[1]Plaintiff's motion was apparently based on an alleged conflict of interest of his former counsel, G. Carroll Palmatary.

process right to meaningful access to the courts; (3) his substantial right to collaterally attack his conviction and sentence; and (4) his right to effective assistance of counsel. As relief, plaintiff requests that he be allowed to reopen his § 2255 motion before another judge, and that Judge Alaimo and Judge Graham be sanctioned.

None of plaintiff's claims may proceed. Judge Alaimo and Judge Graham enjoy absolute immunity from liability for their judicial acts. Stump v. Sparkman, 463 U.S. 349, 357 (1978); Bradley v. Fisher, 13 Wall 335, 357 (1872). "[T]he factors determining whether an act by a judge is a 'judicial' one relate to the nature of the act itself, i.e., whether it is a function normally performed by a judge, and to the expectations of the parties, i.e., whether they dealt with the judge in his judicial capacity." Stump, 463 U.S. at 362. A judge will only be subject to liability only when he has acted in "clear absence of all jurisdiction." Bradley, 13 Wall at 351. "This immunity applies even when the judge is accused of acting maliciously and corruptly, and 'it is not for the protection or benefit of a malicious or corrupt judge, but for the benefit of the public, whose interest it is that the judges should be at liberty to exercise their functions with

independence and without fear of consequences.'" Pierson v. Ray, 386 U.S. 547, 554 (1967). Here, plaintiff alleges that the judges acted fraudulently in their rulings on his criminal and subsequent habeas proceedings. These were clearly judicial acts for which Judge Alaimo and Judge Graham are entitled to immunity. The complaint should be DISMISSED WITH PREJUDICE.

**SO REPORTED AND RECOMMENDED** this 15TH day of July, 2005.

UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA

# United States District Court
## Southern District of Georgia

RICKY LEE JONES )

vs ) CASE NUMBER CV205-07

United States District Court, et al ) DIVISION BRUNSWICK

)

The undersigned, a regularly appointed and qualified deputy in the office of the Clerk of this district, while conducting the business of the Court for said division, does hereby certify the following:

1. Pursuant to the instructions from the Court and in the performance of my official duties, I personally placed in the United States Mail a sealed envelope, and properly addressed to each of the persons, parties or attorneys named below; and

2. That the aforementioned enveloped contained a copy of the document dated July 15, 2005, which is part of the official record of this case.

Date of Mailing: July 15, 2005

Date of Certificate ☐ same date, or _____

Scott L. Poff, Clerk

By: _____
Deputy Clerk

**Name and Address**

Ricky Lee Jones, 38756-004, U.S. Penitentiary, P.O. Box 1000, Leavenworth, KS 66048
Amy Lee Copeland, Esq.

☐ Copy placed in Minutes
☐ Copy given to Judge
☒ Copy given to Magistrate