FILED
U.S. DISTRICT COURT
SAVANNAH DIV.

2005 OCT -5 PM 1:13

CLERK
SO.            GA.

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

RICKY LEE JONES, )
)
       Plaintiff, )
)
v. ) CASE NO. CV205-007
)
UNITED STATES DISTRICT COURT, )
JUDGE ANTHONY A. ALAIMO, and )
MAGISTRATE JUDGE JAMES E. )
GRAHAM, )
)
       Defendants. )

## O R D E R

Before the Court is the Report and Recommendation of the Magistrate Judge. The Magistrate recommends that this action be dismissed because Defendants are entitled to judicial immunity. Plaintiff has filed objections contending that immunity does not apply in this case because he is requesting injunctive relief. The Court concurs with the Magistrate that Defendants are immune from any claims for monetary relief.

Even if Plaintiff's Complaint can be construed as seeking injunctive relief, this action is due to be dismissed. To the extent Plaintiff seeks to vacate, set aside, or reduce his sentence, he must conform with the requirements of 18 U.S.C. § 2255. Because he has already filed a § 2255 petition, he must receive certification from the Court of Appeals before filing a subsequent petition. He has failed to obtain such certification.

Furthermore, Plaintiff's claims entirely lack merit. He alleges that Defendants committed "fraud upon the court." The crux of this allegation is that during the appeal of Plaintiff's criminal conviction, his appointed counsel, Edward Garland, avoided assigning error to Judge Anthony A. Alaimo due to a conflict of interest. Plaintiff claims that this conflict arose because Judge Alaimo was employed as an associate in the Reuben A. Garland Law Firm from 1949-1951. Apparently, Reuben Garland passed on his law office to his son, Edward Garland. Defendant's contention that Judge Alaimo and Mr. Garland operated under a conflict is farcical. The fact that Judge Alaimo worked in Mr. Garland's father's firm nearly a half century before presiding over Plaintiff's case had no bearing on Judge Alaimo's objectivity or Mr. Garland's representation.

In sum, Defendants are protected from any claims for monetary relief by judicial immunity. To the extent that Plaintiff seeks to vacate, set aside, or correct his sentence, he has failed to obtain the proper certification from the Court of Appeals. Furthermore, Plaintiff's claims are premised on baseless allegations. Accordingly, this action is **DISMISSED WITH PREJUDICE**.

SO ORDERED this 5th day of October, 2005.

WILLIAM T. MOORE, JR., CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA